UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KIRK ELLEDGE,

    Plaintiff,

v.

Case No. 2:19-cv-11233
Hon. Victoria A. Roberts

RICHARD MEREDITH,
CORPORAL BOWERS, AND
CAPTAIN HARRIS,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

### I. Introduction

Christopher Kirk Elledge, who is presently confined at the Baraga Correctional Facility filed a pro se civil rights complaint. The complaint names three defendants, all of whom are employed by the Wayne County Sheriff's Department. For the reasons stated below, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) with respect to defendants Bowers and Harris. The case may proceed against defendant Meredith.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read

1

plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

### III. Complaint

The complaint asserts that on April 25, 2017, when Plaintiff was being escorted from a courtroom back to the bullpen by defendant Meredith, Meredith directed him into an isolated area and "attacked [plaintiff] and beat [him] to the point that [he] was hospitalized at the Detroit Receiving Hospital for 3 days." Dkt. 1, at 5, 6-7, 15.

The complaint also asserts that defendant Bowers failed to follow court protocol by accompanying Meredith while plaintiff was escorted to the bullpen. Finally, the complaint asserts that defendant Harris failed to "properly follow-up on complaint of plaintiff." Id.

## IV. Discussion

### A. Defendant Meredith

Plaintiff's claim against defendant Meredith is straight-forward. He asserts that Meredith beat him without provocation or justification. In its prohibition of "cruel and unusual punishments," the Eighth Amendment prohibits the use excessive physical force against prisoners by state actors. See *Hudson v. McMillian*, 503 U.S. 1 (1992); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The complaint states an Eighth Amendment claim against defendant Meredith.

### B. Defendant Bowers

Plaintiff claims that defendant Bowers failed to follow court policy by allowing Meredith to transfer plaintiff to the bullpen alone. A complaint must allege facts showing that each named defendant participated, condoned, encouraged, or knowingly acquiesced in the misconduct to establish liability. See *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). The complaint does not assert that Bowers had any knowledge that Meredith would assault plaintiff or that he encouraged the assault in anyway. Furthermore, a respondeat superior theory of liability is not available in a civil rights action. *Iqbal*, 556 U.S. at 676; *Flagg v. Detroit*,

715 F.3d 165, 174 (6th Cir. 2013). The complaint will be dismissed as against defendant Bowers.

## C. Defendant Harris

The complaint asserts that defendant Harris failed to properly respond to plaintiff's grievance regarding the assault. Generally, where a defendant's "only role[] ... involve[s] the denial of administrative grievances or the failure to act ... [he or she] cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Accordingly, plaintiff fails to state a claim against defendant Harris.

## V. Order

The Complaint is **SUMMARILY DISMISSED** for plaintiff's failure to state a claim against defendants Bowers and Harris.

Plaintiff's claims against defendant Meredith survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

**IT IS ORDERED.**

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Court

Dated: JUL 0 8 2019