UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUHERN DIVISION

CHRISTOPHER ELLEDGE,

    Plaintiff,

v.                                            Case No. 19-11233
                                               Honorable Victoria A. Roberts

RICHARD MEREDITH,

    Defendant.

_____/

## ORDER CONSTRUING STATEMENT AS A MOTION TO DISQUALIFY

On February 22, 2022, Plaintiff filed "Plaintiff Grievance for Abusive, Where Judge Victoria Roberts (sic) Misconduct (sic) Continuing (sic) Denying Plaintiff Civil Proceduring (sic)" [ECF No. 19].

The Court construes this as a Motion to Recuse. The motion is denied.

Elledge says the Court has exhibited prejudice that affected his rights. Plaintiff's motion lacks merit.

Disqualification under § 144 and § 455 "must be predicated upon extrajudicial conduct rather than on judicial conduct," and upon "a personal

bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Green v. Nevers*, 111 F.3d 1295, 1303–04 (6th Cir. 1997) (internal quotation marks and citations omitted). Section 455 provides that a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 similarly requires a judge to disqualify herself if a party demonstrates that she has a personal bias or prejudice either against him or in favor of any adverse party. 28 U.S.C. § 144.

As the movant, Plaintiff has the burden to demonstrate "a basis for disqualification through objective evidence of personal bias." *Lessard v. City of Allen Park*, 249 F. Supp. 2d 871, 876 (E.D. Mich. 2003); *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). The Court must accept facts stated with particularity as true. *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir.1980). However, conclusory statements, rumors, opinions, and beliefs are not sufficient to form a basis for disqualification. *Id.*; *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) ("[T]he only mention of personal bias in the affidavit is the statement by [plaintiffs'] counsel that he 'perceived' that the

district judge had an 'animus' toward him. Such a conclusory statement does not establish bias for the purposes of a motion to recuse."). Moreover, adverse rulings are not by themselves sufficient to establish bias or prejudice for disqualification. *See Ullmo*, 273 F.3d at 681; *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956).

Plaintiff fails to demonstrate any of the factors requiring disqualification under §§ 144 and 455.  Plaintiff does not show that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1).

Because Elledge fails to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," he has not presented a factual basis to support a motion under § 144 or § 455.  *See United States v. Surapaneni*, 14 Fed. Appx. 334, 337 (6th Cir. 2001).

The Court **DENIES** Plaintiff's motion for disqualification.

**ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 5/6/2022